UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RODGER NEAL BUTLER,

    Plaintiff,

v.                                  Case No: 5:19-cv-351-Oc-39PRL

AARON FEDUKOVICH and MARK INCH,

    Defendants.

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, an inmate proceeding pro se, initiated this action on July 25, 2019, by filing a civil rights complaint (Doc. 1; Complaint) and a motion to proceed in forma pauperis (Doc. 2). Plaintiff alleges Defendant Fedukovich "blocked [his] access to chapel callouts," which he contends substantially burdened his religious exercise. Complaint at 5, 7.

The Prison Litigation Reform Act (PLRA) amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA.

This Court takes judicial notice of filings previously brought by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) Case No. 3:12-cv-719-J-25JRK (dismissed as frivolous and for failure to state a claim upon which relief may be granted); (2) Case No. 3:12-cv-720-J-32JBT (dismissed for failure to state a claim upon which relief may be granted); and (3) Case No. 3:12-cv-754-J-32JRK (dismissed for failure to state a claim upon which relief may be granted).[1]

Because Plaintiff has had three or more prior qualifying dismissals and his allegations do not warrant the imminent danger exception to dismissal, this action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying $400.00 ($350.00 filing fee and $50.00 administrative fee).

---

[1] Notably, Plaintiff failed to honestly apprise this Court of his litigation history, which includes more than the three cases cited here. As such, the Court directed Plaintiff to show cause why his case should not be dismissed. See Order (Doc. 4). Plaintiff responded to the order to show cause (Doc. 5). Upon closer review of the file, the Court finds his case is subject to dismissal under the three strikes provision of the PLRA.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice** under 28 U.S.C. § 1915(g).

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of September, 2019.

/s/ Brian J. Davis
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Rodger Neal Butler